IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN TAYLOR & JILL TAYLOR | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO._____ |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | JURY DEMANDED |

<u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "UPC") Defendant in the above cause, and pursuant to Rule 15 of the Federal Rules of Civil Procedure and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

**I.**

**BACKGROUND**

1. Petitioner is the Defendant in a civil action now pending in the 212th Judicial District Court of Galveston County, Texas, Cause Number 22-CV-1578, styled John Taylor & Jill Taylor v. United Property & Casualty Insurance Company, wherein Plaintiffs seek monetary relief for contractual and extra-contractual causes of action arising out of a claim for home damage allegedly caused by a September 14, 2021, weather event.

**II.**

**BASIS FOR REMOVAL**

2. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiffs. Defendant is not a citizen of the State of Texas.

3. The district courts of the United States also have original jurisdiction over this action based on the amount in controversy, which exceeds the sum or value of $75,000.00.

## III.

## DIVERSITY IN CITIZENSHIP

4. The Plaintiffs, John Taylor and Jill Taylor, are domiciled in Galveston County, in the State of Texas, and were domiciled there at the time this action commenced. Plaintiffs were at that time and are now citizens of the State of Texas.

5. The Defendant, UPC, is a corporation incorporated under the laws of the State of Florida, having its principal place of business now and at the time this action was commenced in St. Petersburg, Pinellas County, in the State of Florida. Defendant is now, and was at the time this action was commenced, a citizen of the State of Florida and of no other state.

6. Accordingly, diversity of citizenship exists among the parties.

## IV.

## AMOUNT IN CONTROVERSY

7. The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

8. On or about April 19, 2022, Plaintiff sent a demand letter in which Plaintiff demanded $106,695.27 in exchange for a full and final release.[1]

9. On or about August 18, 2022, Plaintiffs filed their Original Petition wherein it alleged contractual and extra-contractual causes of action against UPC.[2] In paragraph 59 of their petition, Plaintiffs pled they were seeking relief of over $250,000.00 but not more than

---

[1] A true and correct copy of Plaintiff's Demand Letter dated April 19, 2022, is attached hereto and incorporated herein as **Exhibit "A."**

[2] A true and correct copy of Plaintiff's Original Petition dated August 18, 2022, is attached hereto and incorporated herein as **Exhibit "B."**

$1,000,000.00.[3]

10. On or about October 19, 2022, Plaintiff filed its First Amended Petition wherein it alleged contractual and extra-contractual causes of action against UPC.[4] In paragraph 59 of their petition, Plaintiffs continued to plead they were seeking relief of over $250,000.00 but not more than $1,000,000.00.[5]

11. Should Plaintiffs prevail on the claims against Defendant, Plaintiffs would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of 420,000.00, other structures limits of $42,000.00 and contents coverage of $294,000.[6]

12. Accordingly, considering all damages Plaintiffs would be entitled to, should it prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## V.

## APPLICABLE STATUTES

13. Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

14. This notice of removal is being filed timely under 28 U.S.C. §1446(b)(1) – within thirty days after the receipt of a copy of the initial pleading.

15. This action is one over which this Court has original jurisdiction under the provisions of 28

---

[3] *Id.* at pg. 9.
[4] A true and correct copy of Plaintiff's First Amended Petition dated October 19, 2022, is attached hereto and incorporated herein as **Exhibit "C."**
[5] *Id.* at pg. 9.
[6] A true and correct copy of the insurance policy's declarations pages are attached hereto and incorporated herein as **Exhibit "D."**

U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

## VI.

## PRAYER

16. WHEREFORE, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the 212th Judicial District Court in Galveston County, Texas, to this Court on this 16th day of November 2022.

    Respectfully submitted,

    BY: /s/ *Victor V. Vicinaiz*
    Victor V. Vicinaiz
    State Bar No. 20562300
    Federal ID No. 10956
    Raul De La Garza
    State Bar No. 24087394
    Federal ID No. 2328369
    Attorneys-in-charge

    Of Counsel
    ROERIG, OLIVEIRA & FISHER, L.L.P.
    10225 North 10th Street
    McAllen, Texas   78504
    (956) 393-6300
    (956) 386-1625 (Fax)

    ATTORNEYS FOR DEFENDANT

## VERIFICATION

THE STATE OF TEXAS  :
:
COUNTY OF HIDALGO  :

I, Victor V. Vicinaiz, being first duly sworn, depose and say that: I am counsel for Petitioner, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY. I am familiar with the contents of the above and to the best of my knowledge the contents thereof are true and correct.

_____
VICTOR V. VICINAIZ

SUBSCRIBED AND SWORN TO BEFORE ME by the said VICTOR V. VICINAIZ, this 16th day of November 2022, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

NAIELA RAMIREZ
NOTARY PUBLIC
ID# 132830454
State of Texas
Comm. Exp. 12-17-2024

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the below counsel of record in accordance with the Federal Rules of Civil Procedure:

***Via E-Service and Email*:**
Chad T. Wilson
Boone Moyle
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
bmoyle@cwilsonlaw.com


on this 16th day of November 2022

                */s/ Victor V. Vicinaiz*
                Victor V. Vicinaiz